UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| IN RE:  COALSON ENTERPRISES CORP.  )<br>                                                                        )<br>                                            Debtor.       )<br>                                                                        )<br>_____)<br>                                                                        )<br>RICHMOND MORTGAGE, INC.,                       )<br>for itself and in its capacity as servicer              )<br>for RMI Loan Pool 1, LLC                                  )<br>                                                                        )<br>                                            Plaintiff,      )<br>                    v.                                                )<br>                                                                        )<br>HHHUNT HOMES, L.C.                                    )<br>                                                                        )<br>UNITED RENTALS                                           )<br>(NORTH AMERICA), INC.                                )<br>                                                                        )<br>VIRGINIA SITE CONCEPTS, INC.                   )<br>                                                                        )<br>                                            Defendants. )<br>_____) | Case No.  21-32920-KLP<br>Chapter 11<br>(Subchapter V)<br><br><br><br><br><br>Adversary Proceeding<br>No. _____ |

**COMPLAINT TO DETERMINE VALIDITY AND PRIORITY OF LIENS
AND TO VOLUNTARILY SUBORDINATE EXISTING LIEN**

Richmond Mortgage, Inc., for itself and in its capacity as servicer for RMI Loan Pool 1, LLC ("RMI"), as a creditor, lienholder, and party in interest in this case, by the undersigned counsel and pursuant to FRBP 7001 and 11 U.S.C. § 510, seeks declaratory relief and entry of an order by this Court declaring (1) the validity and priority of certain liens upon real estate owned by the now-dismissed Debtor, Coalson Enterprises Corp. ("CEC"), and (2) voluntary subordination of the superpriority debtor-in-possession

---

David G. Browne (VSB# 65306)
Spiro & Browne, PLC
2400 Old Brick Road
Glen Allen,Virginia  23060
Telephone:        (804) 573-9220
Facsimile:         (804) 836-1855
E-mail:              dbrowne@sblawva.com
*Counsel for Plaintiff*

financing lien previously created and perfected by the Court in favor of RMI such that this lien is subordinate to, and only to, the pre-petition deed of trust under which RMI is also a beneficiary, and solely as to the real property defined herein, and in support thereof states as follows:

## PRELIMINARY STATEMENT

CEC filed a voluntary chapter 11 (subchapter V) petition on September 28, 2021 ("Petition Date"), with this filing made in response to a looming foreclosure by RMI on its pre-petition first deed of trust lien on a group of undeveloped residential lots in the City of Richmond located at a subdivision known as "Governor's Retreat." These lots, and their potential value once and if prepared for building, were CEC's main asset. CEC was engaged in the business of performing site work to prepare these lots for sale to a residential builder, HHHunt, who also holds a deed of trust encumbering the subject lots. Both before and after the petition was filed, RMI and CEC engaged in discussions and negotiations which resulted in RMI agreeing to effectively "double down" on this project by providing debtor-in-possession financing, subject to a number of commonly approved terms, to fund CEC's efforts to complete site work and sell buildable lots.

On October 22, 2021, the Court entered a final order approving the debtor-in-possession financing, and securing that financing by granting RMI a valid and perfected superpriority lien on all of CEC's assets as of that date, with the lien and its priority to survive the dismissal or conversion of the bankruptcy case [ECF No. 68] (the "DIP Order"). On January 13, 2022, the Court also approved and entered a § 363 sale order [ECF No. 120] (the "363 Order") which was the product of negotiation and agreement between and amongst CEC, RMI, HHHunt, and United Rentals, the holder of a

mechanic's lien filed shortly before the Petition Date. This 363 Order provided a concise overview of the property and liens addressed by this Complaint (aside from one recently recorded mechanic's lien). The 363 Order provided a framework for the sale of the remaining lots in the Governor's Retreat as they were completed by CEC, and for how the proceeds of the sales of the lots, as they were completed and conveyed, would be used to pay off various liens. RMI disbursed the full $600,000.00 principal authorized by the DIP Order, and three of the seventeen lots owned by CEC on the petition date were completed and subsequently conveyed to HHHunt under the terms of the 363 Order in March of 2022.

The primary objective of these orders and the bankruptcy itself was for CEC to complete and convey all of the remaining lots at Governor's Retreat, and use the proceeds to satisfy creditors, including first and foremost RMI as the debtor-in-possession lender and first deed of trust holder. Unfortunately, in the early spring of 2022, a subcontractor of CEC damaged a piece of heavy equipment necessary to complete work, which caused the project to stall. This also led to a default with the lienholders on all or nearly all of CEC's heavy equipment generally, and the subsequent repossession of all or nearly all of the equipment. CEC was left unable to complete any more lots and unable to effectively reorganize, and the bankruptcy was dismissed on motion of the U.S. Trustee by order dated July 22, 2022.

RMI now wishes to enforce its liens and liquidate the remaining lots at Governor's Retreat in satisfaction of the debts secured by these liens through state law non-judicial foreclosure procedures. Both the Commissioner of Accounts for the City of Richmond, and multiple title insurance companies that RMI has consulted, have indicated

a lack of familiarity with bankruptcy debtor-in-possession financing and the liens created through this process, and have specifically requested that RMI obtain an order from this Court setting forth the priority of the liens on the remaining Governor's Retreat lots in order to approve any foreclosure and in order to create insurable, marketable title with respect to the lots. These same parties have also requested a "comfort order" under § 363(j) of the Bankruptcy Code to confirm the termination of the automatic stay, which RMI has moved the Court to enter pursuant to a separate motion already filed with the Court.

RMI additionally seeks declaratory relief pursuant to § 510 of the Bankruptcy Code in order to voluntarily subordinate its lien created by the DIP Order to, and only to, its own pre-petition deed of trust. RMI seeks this relief to more easily facilitate extinguishment of the DIP lien as to the real estate to be foreclosed upon, as a subordinate lien under state law non-judicial foreclosure procedures. This voluntary subordination would further facilitate obtaining clean and marketable title to the remaining lots after such a foreclosure.

RMI does not believe that the validity or priority of the liens at issue is or should be controversial, and does not bring this adversary proceeding to initiate unnecessary litigation. RMI brings this action because FRBP 7001 specifically requires that the relief requested be sought through an adversary proceeding, and because the relief sought has been specifically requested by the Commissioner of Accounts and by title insurers consulted by RMI in order to approve any foreclosure and to obtain insurable title.

## JURISDICTION AND VENUE

1. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(K). This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 157, 1334, 2201 and 2202.

2. Venue of this proceeding is proper under 28 U.S.C. § 1409.

## PARTIES

3. Plaintiff Richmond Mortgage, Inc. is a Virginia corporation which also and acts as a loan servicer for RMI Loan Pool 1, LLC, a Virginia limited liability company (collectively "RMI").

4. Defendant HHHunt Homes, L.C. ("HHHunt") is a Virginia limited liability company.

5. Defendant United Rentals (North America), Inc. ("United Rentals") is a Delaware corporation authorized to conduct business in Virginia.

6. Defendant Virginia Site Concepts, Inc. ("VSC") is a Virginia corporation.

## FACTUAL BACKGROUND

7. On September 28, 2021 ("Petition Date"), CEC filed a voluntary petition under subchapter V of chapter 11 of the Bankruptcy Code.

8. Prior to the Petition Date, CEC owned 37 lots zoned for single-family detached residential development in the City of Richmond, collectively known as Governor's Retreat and legally described as:

> ALL those certain lots, pieces or parcels of land with all improvements thereon and appurtenances thereto belonging, lying and being in Broad Road District, City of Richmond, Virginia, describe as Lots 1-37 on that certain plat prepared

    by AES Consulting Engineers, dated October 17, 2019, comprised of Sheets 1-4, entitled "Governor's Retreat Plan of Subdivision," which plat is recorded in the Clerk's Office of the Circuit Court of the City of Richmond, Virginia, as instrument #19-21776.

9. As of the Petition Date, CEC owned 17 of these lots, and as of the date of filing of this Adversary Proceeding, CEC owns 14 of these lots. More specifically, CEC currently owns lot numbers 9-22 as described on the property description attached hereto as **Exhibit 1**, with lots 9-22 hereinafter referred to collectively as the "Property."

10. Prior to the Petition Date, a deed of trust encumbering the Property and in favor of HHHunt was recorded in the Clerk's Office of the Circuit Court for the City of Richmond, securing a principal amount of $200,000.00, on August 24, 2020, as Instrument No. 200018893 (the "HHHunt DOT"). A copy of the HHHunt DOT is attached as **Exhibit 2**.

11. Prior to the Petition Date, a deed of trust encumbering the Property and in favor of RMI was recorded in the Clerk's Office of the Circuit Court for the City of Richmond, securing a principal amount of $720,000.00, on January 22, 2021, as Instrument No. 210002185 (the "RMI DOT"). A copy of the RMI DOT is attached as **Exhibit 3**.

12. Prior to the Petition Date, a deed of subordination which subordinated the HHHunt DOT to the RMI DOT was recorded in the Clerk's Office of the Circuit Court for the City of Richmond on March 16, 2021, as Instrument No. 210007568 (the "Subordination Agreement"). A copy of this Subordination Agreement is attached as **Exhibit 4**.

13. Prior to the Petition Date, a memorandum of mechanic's lien encumbering the Property was recorded by United Rentals in the Clerk's Office of the Circuit Court for the City of Richmond, securing a principal amount of $19,466.08, on September 7, 2021, as Instrument No. 210025767 (the "United Rentals Lien"). A copy of the United Rentals Lien is attached as **Exhibit 5**.

14. After the Petition Date, a memorandum of mechanic's lien encumbering the Property was recorded by VSC in the Clerk's Office of the Circuit Court for the City of Richmond, securing a principal amount of $4,000.00, on May 6, 2022, as Instrument No. 220010947 (the "VSC Lien"). A copy of the VSC Lien is attached as **Exhibit 6**.

15. After the Petition Date, on October 22, 2021, this Court entered the *Final Order Authorizing the Debtor to Obtain Post-Petition Financing, Providing Superpriority Status, and Modifying the Automatic Stay* [ECF No. 68] (the "DIP Order"). A copy of the DIP Order is attached as **Exhibit 7.**

16. The DIP Order provided, among other provisions, that to secure its financing provided to CEC up to the principal amount of $600,000.00, RMI was "granted a valid and perfected superpriority security interest in and lien upon all present and after-acquired property of the Debtor, superior to and notwithstanding any preexisting liens and security interests otherwise applicable to such property," with limited carveout for specifically encumbered and enumerated tangible equipment and a capped administrative cost amount.

17. The DIP Order also provided that it "shall survive entry of any other Order converting or dismissing this case, and the DIP Lien shall maintain its priority as provided herein."

18. RMI disbursed all $600,000.00 to CEC as permitted by the DIP Order prior to dismissal of the bankruptcy case.

19. Upon motion of the Office of the United States Trustee, the Court entered an order dismissing the bankruptcy case of CEC on July 22, 2022 [ECF No. 183].

20. Based upon a title search updated as of November 3, 2022, the liens described and set forth herein are the only liens of record encumbering the Property. A copy of the title report updated as of November 3, 2022 is attached as **Exhibit 8.**

21. Based upon the foregoing facts and exhibits, RMI alleges the following regarding the validity and priority of the liens of the parties to this adversary proceeding:

   a. The DIP Lien is a valid and perfected first position lien on the Property.

   b. The RMI DOT is a valid and perfected second position lien on the Property.

   c. The HHHunt DOT is a valid and perfected third position lien on the Property.

   d. The United Rentals Lien is a valid and perfected fourth position lien on the Property.

   e. The VSC Lien is a valid and perfected fifth position lien on the Property.

**COUNT I – DETERMINATION AND DECLARATION
OF VALIDITY AND PRIORITY OF LIENS**

22. RMI incorporates and restates the allegations in ¶¶ 1-21 above as though fully set forth herein.

23. The DIP Order provides, in pertinent part, that as of its October 22, 2021 date of entry, RMI "is granted a valid and perfected superpriority security interest in and lien upon all present and after-acquired property of the Debtor, superior to and notwithstanding any preexisting liens and security interests otherwise applicable to such

8

property" and that the DIP Lien shall survive and maintain its priority following any dismissal or conversion of the case.

24. The DIP Lien is currently a valid and perfected first position lien on the Property.

25. In accordance with applicable non-bankruptcy law of Virginia, the RMI DOT is currently a valid and perfected second position lien on the Property by operation of the timing of its recordation and the Subordination Agreement.

26. In accordance with applicable non-bankruptcy law of Virginia, the HHHunt DOT is currently a valid and perfected third position lien on the Property by operation of the timing of its recordation and the Subordination Agreement.

27. In accordance with applicable non-bankruptcy law of Virginia, the United Rentals Lien is currently a valid and perfected fourth position lien on the Property.

28. In accordance with applicable non-bankruptcy law of Virginia, the VSC Lien is currently a valid and perfected fifth position lien on the Property.

29. Subject to the additional relief described in Count II below in the form of voluntary subordination of the DIP Lien to (and only to) the RMI DOT, RMI requests that the Court determine and declare the validity and priority of the liens as alleged above.

**COUNT II – VOLUNTARY SUBORDINATION**

30. RMI incorporates and restates the allegations in ¶¶ 1-29 above as though fully set forth herein.

31. Bankruptcy Code § 510(a) authorizes this Court to recognize and enforce subordination agreements as permitted by applicable state law.

32. RMI is the holder and beneficiary of both the first position DIP Lien and the second position RMI DOT with respect to the Property.

33. In order to more easily facilitate the extinguishment of all liens on the Property through state law non-judicial foreclosure procedures, provide relief requested by title insurers and the Commissioner of Accounts in connection therewith, and in order to provide good, marketable, and insurable title to the Property free of liens pursuant to such remedies, RMI through this pleading agrees to, and requests that the Court enter, declaratory relief subordinating the DIP Lien to the RMI DOT, and only the RMI DOT, and solely as to the Property.

## RELIEF REQUESTED

RMI requests that the Court enter an order voluntarily subordinating the DIP Lien to, and only to, the RMI DOT, solely as to the Property, determining the validity and priority of the liens upon the Property, and declaring that:

a. The RMI DOT is a valid and perfected first position lien on the Property.

b. The DIP Lien is a valid and perfected second position lien on the Property.

c. The HHHunt DOT is a valid and perfected third position lien on the Property.

d. The United Rentals Lien is a valid and perfected fourth position lien on the Property.

e. The VSC Lien is a valid and perfected fifth position lien on the Property.

RMI also requests that the Court grant such other and further relief as it deems just.

| | |
|---|---|
| DATED:  November 16, 2022 | **RICHMOND MORTAGE, INC.**<br>**for itself and in its capacity as servicer**<br>**for RMI Loan Pool 1, LLC** |
| | By:      _/s/ David G. Browne_<br>                              Counsel |

David G. Browne (VSB# 65306)
Spiro & Browne, PLC
2400 Old Brick Road
Glen Allen, Virginia 23060
Telephone:     (804) 573-9220
Facsimile:      (804) 836-1855
E-mail:          dbrowne@sblawva.com
*Counsel for Plaintiff*